UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| MARSHA GOODMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-189-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Marsha Goodman (Goodman) and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record Nos. 4 and 5] Goodman seeks to reverse the decision of an administrative law judge (ALJ) concluding that she is not entitled to a period of disability and disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Goodman.

I.   **BACKGROUND**

Goodman claims that she became disabled on July 1, 2001, due to depression and chronic back and neck pain. [Transcript ("Tr."), pp. 12, 61] She filed an application for Disability Insurance Benefits on January 28, 2003. [Tr., p. 46-48] This application was denied initially and upon reconsideration. Thereafter, the Claimant requested a hearing before an ALJ.

-1-

On August 26, 2004, an administrative hearing was held before ALJ Andrew Chwalibog. At the time of the hearing, Goodman was a 52-year-old individual with a high school education and past work experience as a bookkeeper and mail carrier for the United States Postal Service. [Tr., p. 12]  During the hearing, the ALJ heard testimony from Goodman and Melissa Glannon, a vocational expert (VE). The ALJ concluded that Goodman retained the ability to perform a significant range of light work, notwithstanding the fact that he found several of the alleged impairments (*i.e.*, degenerative cervical and lumbar disc disease and alcohol dependency with depressive features) to be "severe." [Tr., p. 18]  However, based on testimony from the VE[1], the ALJ further concluded that Goodman was capable of performing a significant number of jobs in the national economy.  [Tr., pp. 17-18]  On January 24, 2005, the ALJ issued a decision denying benefits to Goodman. [Tr., pp. 12-19] This action was filed on June 15, 2005 [Record No. 1], after the Appeals Council denied the Claimant's request for review.  [Tr., p. 5-7]

## II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, a claimant must show that she suffers from a severe impairment.  20 C.F.R. § 404.1520(c).  Third,

---

[1]    The VE testified that an individual with the hypothetical limitations found by the ALJ could perform light level work as a office clerk and counter clerk.  She testified that a significant number of these jobs exist in the national and regional economies.  Further, the VE testified that additional sedentary jobs exist in significant numbers.  These jobs include: assembler and benchworker.

if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal

of evidence.  Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight."  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.  *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.  Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

-4-

### III.    DISCUSSION

Goodman raises several issues in this action.  First, she asserts that the ALJ found that she is capable of performing light work but failed to place "any weight restrictions on how much she could lift or carry on either a frequent or occasional basis." [Record No. 4, p. 4] This omission, however, does not warrant reversal or remand of the ALJ's decision.  The regulations specifically define "light work" as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567. Thus, by finding that Goodman is capable of performing "light work," the ALJ implicitly limited her to the lifting and carrying limitations as set forth in the regulations.

Goodman also contends that the ALJ did not properly evaluate her complaints of pain. Contrary to this assertion, the Court finds that the ALJ properly considered all relevant factors. At the outset, it should be noted that complaints of pain may be sufficient to support a claim of disability.  *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, the ALJ should look to the medical evidence to determine if subjective complaints of pain have a basis.  Such reference to medical evidence is helpful in making credibility determinations concerning such claims.[2]

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological

---

2    With respect to the issue of a claimant's credibility, it should be noted that, where an ALJ has the unique opportunity to observe the demeanor of a claimant, his conclusions with respect to credibility should not be discarded lightly.  *Varley*, 820 F.2d at 780 (quoting *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

-5-

or psychological abnormalities which could reasonably be expected to produce pain.  42 U.S.C.

§ 423(d)(5)(A).   In addition, the Sixth Circuit has prescribed an analytical framework for

evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying
> medical condition.  If there is, we then examine: (1) whether objective medical
> evidence confirms the severity of the alleged pain arising from the condition; or
> (2) whether the objectively established medical condition is of such a severity that
> it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Objective medical evidence confirms that Goodman suffers some degree of pain

associated with her impairments.   However, the evidence presented to the ALJ does not

constitute substantial evidence that the pain is of such a severity that it is disabling.  [Tr., pp. 15-

16]   In view of the evidence presented that the Claimant overstated the degree of pain

experienced, the Court finds that the Commissioner's decision should not be set aside for this

reason.

Finally, Goodman argues that the ALJ should have found that she was disabled based

upon the medical report from Dr. Robert Lowe.  Dr. Lowe examined the Claimant on February

6, 2005.  [Tr. P. 337-348]  In addition, he reviewed Goodman's medical records from other

treating and examining physicians.  Dr. Lowe found that Goodman had a relatively normal

neurological examination with the exception of stiffness in the lower back.  He further found that

her sitting straight leg raising was full and normal and that there was no tenderness in her lumbar

spine.  However, he did note that Goodman had significant pain in her neck.  Based on these

findings, Dr. Lowe concluded that Goodman could "work 4 hours per day  .  .  .  sit 4 hours per

day, and potentially stand 3-4 hours." [Tr., p. 347] With these limitations, Dr. Lowe concluded

that Goodman "[was] not capable of performing [her] usual job." Notably, Dr. Lowe did not

opine that the Goodman was incapable of performing *any* work.

Moreover, with respect to this issue, the Court notes that Title 20 of the Code of Federal

Regulations, § 404.1527, contains detailed rules for evaluating medical and psychological

opinions from sources which include state agency and other non-examining consultants.

Paragraph (b) of this section provides that such sources will be considered together with the rest

of the relevant evidence in deciding whether a person is disabled. Paragraphs (c), (d), and (e)

then set out general rules for evaluating the record. Paragraph (f) provides that findings made

by state agency consultants become opinions at the administrative level and require that the ALJ

consider and evaluate them when making a disability decision. It states in relevant part that:

> We consider all evidence from non-examining sources to be opinion evidence.
> When we consider the opinions of non-examining sources, we apply the rules in
> paragraphs (a) through (e) of this section. In addition, the following rules apply
> to State agency medical and psychological consultants, other program physicians
> and psychologists, and medical experts we consult in connection with
> administrative law judge hearings and Appeals Council review:

20 C.F.R. § 404.1527(f). Further, Social Security Ruling 96-6p provides in relevant part that:

> 1.     Findings of fact made by State agency medical and psychological
> consultants and other program physicians and psychologists regarding the nature
> and severity of an individual's impairment(s) must be treated as expert opinion
> evidence of nonexamining sources at the administrative law judge and Appeals
> Council levels of administrative review.

> 2.     Administrative law judges and the Appeals Council may not ignore these
> opinions and must explain the weight given to these opinions in their decisions.

-7-

The ALJ considered the findings of Dr. Lowe together with Goodman's medical records reflecting her treatment and care by treating physicians. Ultimately, the ALJ rejected Dr. Lowe's findings that Goodman was limited to working 4 hours per day. The Court finds that the ALJ conducted a thorough review and analysis of the evidence and explained the basis for his decision regarding Goodman's limitations and the restrictions which were found to exist. Inasmuch as the limitations found by Dr. Lowe were inconsistent with the other evidence of record, the ALJ properly discounted his findings.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1.     Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

2.     The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

3.     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 19th day of January, 2006.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

-8-